UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

CELESTE P.,

                Plaintiff,

    v.                                                 **DECISION AND ORDER**
                                                          24-CV-245S

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

Plaintiff Celeste P.[1] is a prevailing party in this social security benefits action. Presently before this Court is Plaintiff's counsel's timely[2] Motion for Attorney Fees, under 42 U.S.C. § 406 (b)(1)(A). (Docket No. 20.) Defendant neither supports nor opposes counsel's request. (Docket No. 22.)

District courts are empowered by statute to determine and award a reasonable fee not to exceed 25% of total past-due benefits to an attorney who secures a favorable judgment for a claimant in a social security case in federal court. See 42 U.S.C. § 406 (b)(1)(A); Gisbrecht v. Barnhart, 535 U.S. 789, 794, 1122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002) ("§ 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court."). This fee authority "does not displace contingent-fee agreements" but rather "calls for court review of such arrangements as an

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

[2] The United States Court of Appeals for the Second Circuit has clarified that § 406 (b) motions must be filed within 14 days (plus three days for mailing) after the claimant receives notice of the Commissioner's favorable award on remand, consistent with Rule 54 (d)(2)(B) of the Federal Rules of Civil Procedure and equitable tolling principles. See Sinkler v. Berryhill, 932 F.3d 83, 86 (2d Cir. 2019); see also Rule 5.5 (g) of the Local Rules of Civil Procedure for the Western District of New York.

independent check, to assure that they yield reasonable results in particular cases." Gisbrecht, 535 U.S. at 807. Assessing reasonableness "begin[s] with the [contingent fee] agreement, and the district court may reduce the amount called for by the contingency agreement only when it finds the amount to be unreasonable." Wells v. Sullivan, 907 F.2d 367, 371 (2d Cir. 1990).

Multiple factors inform the reasonableness analysis. Courts initially consider whether the contingency percentage falls within the 25% cap and whether the agreement is the product of fraud or overreaching by counsel. See Wells, 907 F.2d at 372; Long v. Comm'r of Soc. Sec., No. 18 Civ. 1146, 2020 WL 6545904, at *2 (E.D.N.Y. Nov. 6, 2020). Three additional factors are then considered: (1) whether the requested fee is consistent with the character of the representation and the results achieved; (2) whether counsel sought to increase his or her fee by delaying the proceedings to allow additional benefits to accumulate; and (3) whether the benefits awarded are large in comparison to the amount of time counsel spent on the case, the so-called "windfall factor." See Abbey v. Berryhill, No. 6:17-CV-6430-MAT, 2019 WL 336572, at *2 (W.D.N.Y. Jan. 28, 2019) (citing Joslyn v. Barnhart, 389 F. Supp. 2d 454, 456 (W.D.N.Y. 2005)).

Here, the Social Security Administration awarded Plaintiff past-due benefits by notice dated July 13, 2025. (Docket No. 20-3.) The agency withheld $25,416 for attorney fees, representing 25% of the past-due benefits. Id. Plaintiff's counsel seeks $25,416 in attorney fees, consistent with the contingent-fee agreement that provides for attorney fees not to exceed 25% of any recovery. (Docket No. 20-5.)

Having thoroughly reviewed counsel's fee request and supporting documentation, this Court finds that the requested fee is reasonable based on counsel's experience in

social security law, the character of the representation provided, and the favorable results achieved.  See Gisbrecht, 535 U.S. at 808.  Moreover, there is no indication that this fee is a windfall.  Id.  Plaintiff's counsel's $25,416 fee request is therefore granted under 42 U.S.C. § 406 (b)(1)(A).

By stipulation approved and ordered on November 7, 2024, this Court previously awarded Plaintiff's counsel $9,124.02 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d).  (Docket Nos. 18, 19.)  Because the fee granted herein exceeds the EAJA fee, Plaintiff's counsel must refund the $9,124.02 EAJA fee to Plaintiff. See Wells v. Bowen, 855 F.2d 37, 42 (2d Cir. 1988).

IT HEREBY IS ORDERED, that counsel's Motion for Attorney Fees in the amount of $25,416 under 42 U.S.C. § 406 (b)(1)(A) (Docket No. 20) is GRANTED.  The fees are to be paid out of Plaintiff's past-due benefits in accordance with agency policy.

FURTHER, that Plaintiff's counsel is directed to refund to Plaintiff the $9,124.02 EAJA award within 14 days of receiving the § 406 (b) award.

SO ORDERED.

Dated:   August 27, 2025
         Buffalo, New York

                                                       s/William M. Skretny
                                                     WILLIAM M. SKRETNY
                                                     United States District Judge